UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---------------------------------------------------x

MILTON CAYETTE,                              :
an individual,                               :        CASE NO.:
                                             :
            Plaintiff,                       :
                                             :        Judge:
vs.                                          :
                                             :
                                             :        Magistrate:
                                             :
BROOKSIDE PROPERTIES, INC.                   :
OF TENNESSEE                                 :
                                             :
            Defendant.                       :
---------------------------------------------------x

## COMPLAINT

Plaintiff, MILTON CAYETTE, by and through his undersigned counsel, hereby files this Complaint and sues BROOKSIDE PROPERTIES, INC. OF TENNESSEE (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.    Plaintiff, MILTON CAYETTE, (hereinafter referred to as "MR. CAYETTE"), is a resident of St. James Parish, Louisiana. MR. CAYETTE resides at 8185 Highway 19, St. James, Louisiana, 70086.

4.    MR. CAYETTE is a qualified individual with a disability under the ADA. MR. CAYETTE

1

is an amputee, who is missing his left leg below the knee.

5.      Due to his disability, MR. CAYETTE is substantially impaired in several major life activities and uses a wheelchair for mobility.

6.      Upon information and belief, DEFENDANT is a corporation incorporated in the State of Tennessee, authorized to do and doing business in Ascension Parish, Louisiana.

7.      Upon information and belief, DEFENDANT is domiciled at 2002 Richard Jones Rd., Suite C-200, Nashville, TN 37215, with a principal business establishment in Louisiana located at 1011 N. Causeway Blvd., Suite 31, Mandeville, LA 70471.

8.      Upon information and belief, DEFENDANT is the owner, lessor, and/or operator of the real properties and improvements that are the subject of this action, to wit: New River Shopping Center, 703-815 N. Airline Highway, Gonzales, LA 70737. (hereinafter referred to as "the Property").

9.      DEFENDANT is obligated to comply with the ADA.

10.     All events giving rise to this lawsuit occurred in the Middle District of Louisiana, Ascension Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11.     MR. CAYETTE realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12.     The Property is a place of public accommodation, subject to the ADA, generally located at: 703-815 N. Airline Highway, Gonzales, LA 70737.

2

13.   Upon information and belief, MR. CAYETTE has visited the Property numerous times and desires to visit the Property again in the near future. MR. CAYETTE lives approximately twenty (20) miles from the Property.

14.   MR. CAYETTE frequently travels to Gonzales to access the goods, services, and accommodations offered by a city larger than unincorporated St. James.

15.   MR. CAYETTE'S most recent visit to the Property prior to filing this original Complaint was on August 3, 2016 ("the Visit").

16.   During the Visit, MR. CAYETTE experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 20.

17.   MR. CAYETTE is presently deterred from visiting the Property due to the numerous ADA barriers which exist therein and are described in more detail in Paragraph 20.

18.   MR. CAYETTE continues to desire to visit the Property, but continues to be deterred from visiting due to the barriers discussed below in Paragraph 20.

19.   MR. CAYETTE intends to and will visit the Property to utilize the goods and services in the future once the barriers to access have been remedied, but MR. CAYETTE presently fears that he will encounter the same barriers to access which are the subjects of this action.

20.   Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

I.      UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A.     The curb ramp in front of Stage is broken and cracked and contains excessive changes in levels.

B.     There are no curb ramps located near the Family Dollar store.

C.     There are no curb ramps located near the Dollar General.

D.     Inside Dollar General, the door from the store to the restroom area has an impermissible door handle.

E.     Inside Dollar General, the restroom door is excessively narrow, and there is insufficient clear floor space inside the restroom.

F.     Inside Dollar General, there are no grab bars, the lavatory requires a tight grasping and squeezing maneuver to operate, and the pipes under the sink are not insulted.

G.     Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

21.   MR. CAYETTE continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 20 are removed.

22.   MR. CAYETTE intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

23.   Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

4

24.     Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

25.     Upon information and belief, removal of the barriers to access located on the Property would provide MR. CAYETTE with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26.     Independent of his intent to return as a patron to the Property, MR. CAYETTE additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27.     MR. CAYETTE has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. CAYETTE is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. CAYETTE demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.     That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

B.     That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.     That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MR. CAYETTE; and

D.     That this Court award such other and further relief as it deems necessary, just and

proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By: ___/s/ Marc P. Forman_____
    MARC P. FLORMAN